SAMUEL R. DEMAREST, JR., administrator &c.,

*v.*

GILLIAM RUTAN et al.

An intestate had been a member of two successive partnerships carrying on the same business. The complainant, after having been appointed his administrator, but before he had actually qualified, sold the intestate's interest in both firms to one H., who has not yet paid therefor. . H. had been a member of the first firm and joined the intestate's last partners in forming a new firm to continue the business with them on the basis of H.'s contributing thereto·

Demarest *v.* Rutan.

the intestate's interest.—*Held,* that complainant could not, after allowing his sale to H. to stand unquestioned for three years, come into chancery and demand an accounting by the new firm and by both the old firms, on the ground that his intestate's share of both the old firms' assets was still included in the new firm's, and therefore he was entitled to participate in the profits.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. W. E. Skinner,* for complainant.

*Mr. A. D. Campbell,* for defendants.

THE CHANCELLOR.

The bill is filed for an account of the transactions of several copartnerships, two consecutive ones of the name of Huyler, Rutan & Co., another of the name of Rutan, Huyler & Co., and the other of the name of Huyler & Son, and for the payment to the complainant, as administrator of Benjamin W. Huyler, deceased, who was a member of the two firms of Huyler, Rutan & Co., of the amount which shall appear to be due to the estate of his intestate on such accounting. The first firm of Huyler, Rutan & Co. was formed on or about January 8th, 1872. Its business was the buying and selling of coal, lumber &c., and its members were William Huyler, Gilliam Rutan and Benjamin W. Huyler. That copartnership continued until on or about January 2d, 1878, when it was dissolved. A new firm of the same name was formed at that time by Gilliam Rutan, Benjamin W. Huyler and John E. Huyler, to succeed it in the same business, and it did succeed it therein and carry on the business accordingly. That copartnership was dissolved by the death of Benjamin W. Huyler, August 12th, 1880. Shortly after that time a copartnership was entered into by Rutan and John E. Huyler and the before-mentioned William Huyler, under the firm name of Rutan, Huyler & Co., to succeed the last-mentioned firm of Huyler, Rutan & Co. in the same business. That firm carried on the business accordingly. It was dissolved on or about January 1st, 1883, and a new firm created by William and John Huyler (who were father and son), under the name of

Huyler & Son, to succeed Rutan, Huyler & Co. in the same business. It has ever since carried on the business accordingly. The first firm of Huyler, Rutan & Co. was, as before stated, composed of William Huyler, Gilliam Rutan and Benjamin W. Huyler. When it was dissolved, William Huyler sold his interest in the stock and fixtures to his son John, who, with Rutan and Benjamin W. Huyler, constituted the second firm of Huyler, Rutan & Co. The members of the second firm put in, as or on account of their respective shares of the capital of the new firm, their shares of the stock and fixtures of the first firm, at a valuation as equivalent to so much cash. The bills receivable and accounts of the first firm remained the property of the members of that firm. The second firm opened an entirely new set of books, and it had no connection whatever with the first firm. In like manner, when, on the death of Benjamin W. Huyler, the partnership of the second firm was dissolved, the copartnership of the firm of Rutan, Huyler & Co. was formed, Rutan and John E. Huyler put into the new partnership their shares of the stock and fixtures of the second firm of Huyler, Rutan & Co., and William Huyler, the other member thereof, claiming that he had bought Benjamin W. Huyler's share of the same stock and fixtures, put it in as his contribution to the capital. The bills receivable and accounts of the second firm of Huyler, Rutan & Co. were not transferred, but remained the property of the surviving members and the estate of Benjamin W. Huyler. So, also, when the copartnership of Rutan, Huyler & Co. was dissolved and the new one of Huyler & Son was formed, John E. Huyler bought the interest of Mr. Rutan in the stock and fixtures of the firm of Rutan, Huyler & Co., and he and his father formed the copartnership of Huyler & Son, and put in as capital, the former two-thirds of that stock and fixtures and the latter one-third.

The complainant was appointed administrator of Benjamin W. Huyler, according to the statement of the letters of administration, on the 21st of October, 1880. But he appears to have been in fact appointed in August of that year, although he did not file his bond until the 21st of October. He acted.

Demarest *v.* Rutan.

as administrator in August and September. It appears by the inventory, which is signed by him as administrator, that it was made in August and September, 1880, but it was not filed until October 21st.

The complainant seeks an account not only of the copartnerships of which his intestate was a member, the two firms of Huyler, Rutan & Co., but also of the two succeeding firms, Rutan, Huyler & Co. and Huyler & Son. The ground on which he claims an account from the last-mentioned firms is that, as he alleges and insists, they carried on their business, in part at least, with the property and assets of the two firms of Huyler, Rutan & Co., and he claims that the estate of Benjamin W. Huyler is therefore entitled to participate in the profits of their business. The proof, however, by no means sustains the allegation. On the contrary, it appears that the surviving partners of the two firms of which Benjamin W. Huyler was a member did not employ any of the property of those firms or either of them in the business of the succeeding firms except their interests in the stock and fixtures, but used the cash and proceeds of the bills receivable and accounts of each of those two firms in paying off the indebtedness of those firms, and, so far as appears, applied those moneys thereto with reasonable dispatch. Benjamin W. Huyler's interest in the stock and fixtures of the last firm of Huyler, Rutan & Co. indeed went into the firm of Rutan, Huyler & Co., but it was put in by William Huyler, who was not a member of the last firm of Huyler, Rutan & Co., and who claims to have purchased that interest from the complainant, as administrator, at the time when the latter made his inventory. The evidence on that head is such as to establish the fact that William Huyler supposed that he purchased that interest at that time, and he accordingly put it into the firm of Rutan, Huyler & Co. as or as part of his contribution to the capital thereof. He swears that when the inventory was taken by the complainant, as administrator, he proposed to take that interest at the appraisement, and that the complainant assented. His son, John E. Huyler, corroborates his statement. The complainant, it is true, denies that he sold the interest to William Huyler, but the fact still re-

mains that the latter supposed he had bought it, and he used it accordingly, and has always since then been ready to answer for the purchase-money. He swears that he never learned that the fact of the sale was questioned until the commencement of this suit, which was over three years after the time when the inventory was made. He appears to have acted in entire good faith in the matter. Although the complainant was not in fact administrator at the time when the inventory was taken and the appraisement made (though he had been appointed he had not then been sworn in), William Huyler supposed he had bought the interest of one who had title and was authorized to sell, and the administrator never disturbed him in his possession nor claimed that the sale which, according to the understanding of the Huylers, he had made to William Huyler, was not valid. While the complainant swears that he never understood that he had sold the interest of his intestate in the stock and fixtures, it is quite evident that William and John E. Huyler both understood that he had sold it to the former, and they acted upon the understanding. The question here is not as to the validity of the title of William Huyler to the interest, but whether the firms of Rutan, Huyler & Co. and Huyler & Son took that interest and traded with it, knowing it to be the interest of the intestate. The firm of Rutan, Huyler & Co. took it as, and believing it to be, the property of William Huyler, and Huyler & Son took whatever they received of it with the same understanding. It will not be out of place to say that the claim for profits was not made until very shortly before the commencement of this suit, which was, as before stated, more than three years after the making of the inventory. The complainant is not entitled to any participation in the profits of the firms of Rutan, Huyler & Co. and Huyler & Son, or either of them. He is therefore entitled to no account from those firms. He may have an account in this court from the defendants as to the transactions of the firms of Huyler, Rutan & Co. But inasmuch as they have always been ready to furnish him such account, and have at all times given him free access to the books and papers, and it appears that the accounts are not com-

plicated or blended with others, or in any way difficult, there was no reason for recourse to this court.    He must, therefore, pay the costs of this suit.